IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ZACHARY RYAN BUCKNER                                                                           PLAINTIFF

v.                               Civil No. 5:21-cv-05144

WASHINGTON COUNTY DETENTION
CENTER; WASHINGTON COUNTY
SHERIFF'S DEPARTMENT; DEPUTY
WAYNE EMMIUS; OFFICER PHIPPS; and
JOHN DOE OFFICERS                                                                             DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 7) pursuant to 28 U.S.C. § 1915A.

### I. DISCUSSION

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff is incarcerated in the Washington County Detention Center.

Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Plaintiff has named as Defendants the Washington County Detention Center and the

Washington County Sheriff's Department. Neither are considered persons or legal entities subject to suit. *See e.g., Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam) (county jails are not legal entities amenable to suit); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992)(police department not a juridical entity suable as such); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989).

## II.  CONCLUSION

For these reasons, it is recommended that the Washington County Detention Center and the Washington County Sheriff's Department be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b).   The Amended Complaint will be served on Deputy Emmius and Officer Phipps by separate order.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of September 2021.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE